IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **U.S. BANK TRUST NATIONAL ASSOCIATION,** NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF THE TRUMAN 2021 SC9 TITLE TRUST,<br><br>    Plaintiff,<br><br>v.<br><br>**VICTOR MILES; DARRIS MILES; and LEKAVON WILLIAMS,**<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. **3:22-CV-1735-L**<br>§<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER**

Before the court is the Second Motion for Default Judgment Against Defendants ("Motion") (Doc. 16), filed on April 19, 2023, by U.S. Bank Trust National Association in its capacity as trustee of the Truman 2021 SC9 Title Trust ("Plaintiff"). Having considered the Motion, pleadings, record, and file in this case, the court **grants** the Motion (Doc. 16) to the extent herein provided.

**I.    Procedural and Factual Background**

Plaintiff brought this action against Victor Miles, Darris Miles, and LeKavon Miles ("Defendants"). Defendants are the heirs to decedents Betty J. Chance and Dewitt Miles ("Decedents" or "Borrowers"), who were the borrowers under the Loan Agreement at issue in this case and the owners of related real property and improvements located at 959 Oak Forest Drive, Dallas, Texas 75232, and more particularly described as,

> BEING LOT 9, BLOCK 1/5994 OF HIGHLAND OAKS ADDITION, AN ADDITION TO THE CITY OF DALLAS, DALLAS COUNTY, TEXAS,

**Memorandum Opinion and Order – Page 1**

ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 31, PAGE 45, MAP RECORDS, DALLAS COUNTY, TEXAS.

("the Property"). Plaintiff seeks a declaratory judgment that: (1) it is the owner and holder of the Note and beneficiary of the Security Instrument; and (2) it is a mortgagee as that term is defined under Texas Property Code section 51.0001(4) with authority to enforce the power of sale in the Security Instrument through foreclosure of the Property. With respect to the Property, Plaintiff also requests the imposition of a statutory lien, an order authorizing nonjudicial, foreclosure, judicial foreclosure, and a public auction. Plaintiff also requests attorney's fees, costs of suit.

In support of this relief, Plaintiff alleges as follows:

20. On April 4, 2006, Decedents Dewitt Miles and Betty J. Chance ("Borrowers") executed a Texas Home Equity Note ("Note") in the principal amount of $85,000.00 at an annual interest rate of 6.75% and originally payable to ABN AMRO Mortgage Group, Inc. ("ABN"). A true and correct copy of the Note is attached hereto as **Exhibit A**.

21. Concurrently with the execution of the Note, Borrowers executed a Texas Home Equity Security Instrument ("Security Instrument and together with the Note, "Loan Agreement"), as grantor, granting ABN, a security interest in the Property. The Security Instrument was recorded in the official public records of Dallas County, Texas, under Instrument No. 200600147697. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

22. On January 6, 2017, Citimortgage, Inc, as successor by merger to ABN, transferred and assigned the Loan Agreement to Nationstar Mortgage LLC. The Corporate Assignment of Deed of Trust was recorded in the official public records of Dallas County, Texas on January 9, 2017, under Instrument No. 201700006031. A true and correct copy of the assignment is attached hereto as **Exhibit C**.

23. On February 5, 2018, Nationstar Mortgage LLC transferred and assigned the Loan Agreement to Specialized Loan Servicing LLC. The Corporate Assignment of Deed of Trust was recorded in the official public records of Dallas County, Texas on February 6, 2018, under Instrument No. 201800032192. A true and correct copy of the assignment is attached hereto as **Exhibit D**.

24. Subsequently, on April 28, 2022, Specialized Loan Servicing LLC transferred and assigned the Loan Agreement to U.S. Bank. The Transfer and Assignment of Lien was recorded in the official public records of Dallas County, Texas on May

12, 2022, under Instrument No. 202200134122. A true and correct copy of the transfer of lien is attached hereto as **Exhibit E**.

25. Plaintiff is the current holder and owner of the blank endorsed Note and beneficiary of the Security Instrument. Plaintiff is also a mortgagee of the Loan Agreement, as defined by Texas Property Code § 51.0001(4).

26. Decedent Betty J. Chance passed away on December 19, 2020. Decedent Dewitt Miles passed away on May 1, 2016. No probate has been opened for Decedents in the county in which the property is located and in which they died. Therefore, there is no personal representative of Decedents' respective estates to be made a party to this action. In accordance with Texas Estates Code sections 101.001(b) and 101.051, Decedents' Heirs acquired all of Decedents' interest in the Property immediately upon Decedents' death, subject to the Loan Agreement debt owed to Plaintiff.

27. Though some, if not all, of the heirs have had the use, benefit, and enjoyment of the Property, they have failed or refuse to pay make payments on the Note and have failed to comply with any and all the covenants and conditions of the Deed of Trust.

28. The Loan Agreement is in default as of August 1, 2019 and all subsequent payments. A Notice of Default ("Notice of Default") was served in accordance with the Loan Agreement and the Texas Property Code on May 25, 2021. A true and correct copy of the Notice of Default is attached hereto as **Exhibit F**.

29. The default was not cured and the maturity date was accelerated on April 15, 2022, when a Notice of Acceleration of Loan Maturity was served in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the Notice of Acceleration of Loan Maturity is attached hereto as **Exhibit G**.

30. In accordance with Federal Rule of Civil Procedure 9(c), all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest again the Property. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

Pl.'s Am. Compl. ¶¶ 20-30 (Doc. 15).

On October 27, 2022, the clerk of court entered a default against Defendants. Thereafter, Plaintiff moved for default judgment. To ensure that it had jurisdiction over this action, the court directed Plaintiff to file an amended complaint on March 2, 2023, that amended only its jurisdictional pleadings. Plaintiff filed an Amended Complaint as directed that cured all

jurisdictional deficiencies previously identified by the court without changing the substantive allegations supporting its requested relief.

Plaintiff then filed its current Motion on March 19, 2023, in which it moves for entry of default judgment on its request for a declaratory judgment. Plaintiff clarifies that it does not seek a money judgment against Defendants; rather it seeks:

a. Judgment against Defendants for court costs;

b. Judgment against Defendants for reasonable attorneys' fees as a further obligation owed under the Note and Security Instrument;

c. Judgment declaring that Plaintiff is the owner and holder of the Note, beneficiary of the Security Instrument and mortgagee, as defined under Texas Property Code section 51.0001;

d. Judgment against Defendants declaring that the following are secured by the Security Instrument on the Property: (a) the outstanding balance of the Note; (b) prejudgment interest; (c) post-judgment interest from the date of judgment until paid; and (d) costs of court;

e. Judgment against Defendants declaring that Plaintiff may non-judicially foreclose on Defendants' interests on the Property pursuant to the Security Instrument and the Texas Property Code; and

f. Any other relief to which the Court deems Plaintiff is entitled.

Pl.'s Mot. 7.

**II.      Discussion**

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id*.; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). As noted, the clerk of court has entered a default against Defendants. The court also finds, based upon the information in the record, that Defendants are not minors, incompetent persons, or members of the United States military. The allegations in

Plaintiff's Amended Complaint are specific and well-pleaded for purposes of its request for a declaratory judgment. Defendants, by failing to answer or otherwise respond to the Amended Complaint, have admitted the well-pleaded allegations of the Amended Complaint and are precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Stated differently, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, a defendant may not contest the "sufficiency of the evidence" on appeal but "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.*

Based on the well-pleaded allegations of Plaintiff's Amended Complaint, which the court accepts as true, and the record in this action, the court determines that Defendants are in default and that Plaintiff is entitled to a default judgment and declaratory judgment. As indicated, Plaintiff seeks a declaration regarding the parties' rights with respect to the Property, an order authorizing foreclosure on the Property, and an award of reasonable attorney's fees and court costs.

In light of the record in this case, the court determines and **declares**: (1) that an event of default has occurred on the Note in the principal amount of $85,000; (2) that the Note was executed by Decedents and Borrowers Dewitt Miles and Betty J. Chance and originally payable to ABN as lender on the loan secured by the Property; (3) that, concurrently with the execution of the Note, Borrowers executed a Texas Home Equity Security Instrument ("Security Instrument") together with the Note (collectively, "Loan Agreement"), as grantors, granting ABN a security interest in the Property; (4) that the Loan Agreement, recorded in the official public records of Dallas County, Texas, under Instrument No. 200600147697, provides that Plaintiff—as the current owner of the Note and mortgagee of the Security Instrument in the event of a default on the obligations on the

Note—with a lien security interest on the Property; (5) that Plaintiff is the current legal owner and holder of the Note and beneficiary of the Deed of Trust; (6) that Plaintiff is also a mortgagee as that as that term is defined in section 51.0001(4) of the Texas Property Code; (7) that the outstanding balance of the Note is secured by the Deed of Trust on the Property; (8) that Plaintiff is authorized to foreclose on Defendants' interest in the Property in accordance with the Note, Deed of Trust, and section 51.002 of the Texas Property Code; (9) that, if Plaintiff proceeds with nonjudicial foreclosure on the Property, the purchaser at the foreclosure sale will be vested with all of Defendants' interest, rights, and title in the Property; and (10) that Plaintiff may further communicate with Defendants, and all third parties reasonably necessary to conduct any foreclosure sale.

Plaintiff's Motion also included a request for an order declaring that prejudgment and postjudgment interest are secured by the Security Instrument on the Property, but the Security Instrument does not support such a finding, and Plaintiff's Motion indicates that it is not seeking a money judgment against Defendants. Further, although paragraph nine of the Security Instrument provides that reasonable attorney's fees and costs incurred by the Lender in protection of its interest in the Property shall become additional debt of the Borrower secured by the Security Instrument, Plaintiff did not submit any briefing, documentation, or billing records to support its request for attorney's fees and costs. The court will, therefore, address Plaintiff's request to recover attorney's fees and costs postjudgment in accordance with Federal Rule of Civil Procedure 54(d)(2).

### III.   Conclusion

For the reasons herein stated, Plaintiff's Motion (Doc. 16) against Defendants is **granted** to the extent set forth in this memorandum opinion and order. The court will issue judgment by

**Memorandum Opinion and Order – Page 6**

separate document, as required by Federal Rule of Civil Procedure 58, in favor of Plaintiff in accordance with this memorandum opinion and order. Any request by Plaintiff to recover a particular amount of attorney's fees and costs must be filed postjudgment in accordance with Federal Rule of Civil Procedure 54(d)(2). The amount of the costs of court to be awarded will also be addressed postjudgment upon request by Plaintiff.

**It is so ordered** this 5th day of March, 2024.

Sam A. Lindsay
United States District Judge